*In re* LUIS OSORIO DÍAZ.

*Número:* AB-97-39          *Resuelto:* 30 de junio de 1998

*Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías,* en informe; *María A. Díaz Mangual,* quejosa; *Luis B. Osorio Díaz, pro se.*

PER CURIAM:

I

La Sra. María A. Díaz Mangual presentó una queja contra el Lcdo. Luis Osorio Díaz. Alegó que en 1994 contrató los servicios de dicho abogado para que éste presentara unas acciones judiciales de cancelación de dos (2) pagarés extraviados. La señora Díaz Mangual expresó que le pagó al licenciado Osorio Díaz veinticinco dólares ($25) por la consulta inicial y que, de acuerdo con el contrato de servicios profesionales, él cobraría quinientos dólares ($500) por cada caso. La señora Díaz Mangual le pagó por adelantado quinientos dólares ($500). El remanente sería pagado posteriormente.

En su queja, ella alegó que no fue hasta haber transcurrido once (11) meses del adelanto que le otorgó su cliente, que el abogado presentó en el Tribunal de Primera Instancia los procedimientos de cancelación de pagarés extraviados. Sostiene que en ambos casos hubo problemas con los emplazamientos, por lo que el foro de instancia solicitó que se volviera a emplazar a los demandados.

Posteriormente, con relación a uno de los casos, el Tribunal de Primera Instancia ordenó que se publicaran edictos. Respecto al otro, la señora Díaz aduce que el licenciado Osorio Díaz le manifestó que iba a solicitar la cancelación del pagaré por medio de una instancia que sería presentada en el Registro de la Propiedad.

La señora Díaz Mangual señaló en la queja que el abogado no había hecho ninguna otra gestión relacionada con los casos, por lo que solicitó que se le ordenara que atendiera los casos con la mayor brevedad posible o, de lo contrario, desistiera de éstos y le devolviera los quinientos veinticinco dólares ($525) que le había entregado, para así poder conseguir los servicios de otro abogado.

Examinada la queja, el tribunal le concedió al licenciado

Osorio Díaz un término de diez (10) días para que contestara la queja. El abogado compareció para solicitar un término adicional para contestar la queja, el cual le fue concedido. A pesar de habérsele concedido dicha prórroga, el abogado contestó tardíamente. Expresó que había confrontado problemas de salud que le habían impedido realizar de forma adecuada las funciones para las cuales se comprometió. Sin embargo, no contestó si procedió a publicar el edicto según le ordenara el foro de instancia o si preparó la instancia para cancelar uno de los pagarés extraviados, según lo había acordado con su cliente.

Luego de varios incidentes procesales, la Directora de la Inspección de Notarías, Carmen H. Carlos, sometió su recomendación por escrito, según se lo ordenara este Tribunal.[1] A raíz de este informe y mediante resolución, se le concedió al licenciado Osorio Díaz un término para que expresara su posición. Compareció y solicitó de nuevo un término adicional para cumplir con lo ordenado en la resolución, el cual le fue concedido.

El 22 de septiembre de 1997 dicho abogado presentó tardíamente su posición por escrito, alegando que problemas personales, económicos y de salud no le habían permitido cumplir con el término que este Tribunal le dio para presentar dicho escrito. Adujo —como fundamento para incumplir con sus obligaciones para con su cliente— que estuvo enfermo y tuvo que ser hospitalizado en dos (2) ocasiones. Además, indicó que no tenía ningún reparo en devolver el adelanto que le dio la señora Díaz al requerirle sus servicios.

Mediante Resolución de 5 de diciembre de 1997, este Tribunal le ordenó al licenciado Osorio Díaz que le devol-

---

[1] En el informe preparado por la Oficina de Inspección de Notarías, luego de relatar el transfondo fáctico de la queja y de señalar la posición del abogado querellado, se recomendó que se enviara la queja a la Oficina del Procurador General, ya que la alegada violación ética no tenía que ver directamente con la función notarial del licenciado Osorio Díaz.

viera a la señora Díaz Mangual la cantidad de quinientos dólares ($500) y le entregara el expediente del caso dentro de un periodo de treinta (30) días. Transcurrido el término de treinta (30) días, el abogado Osorio compareció ante este Tribunal para señalar que tenía problemas económicos, familiares y de salud que le impedían cumplir con lo ordenado por este Tribunal y señaló que estaba haciendo las gestiones necesarias para poder cumplir.

Finalmente este Tribunal, mediante su Resolución de 13 de febrero de 1998, le concedió al licenciado Osorio Díaz un término de quince (15) días para que cumpliera con la orden de devolverle a la señora Díaz la suma que ésta le adelantó, bajo apercibimiento de que el incumplimiento con dicha orden conllevaría su suspensión automática de la abogacía.

Al presente el licenciado Osorio Díaz no ha cumplido con nuestra orden, a pesar de haber transcurrido más de dos (2) meses de nuestra última resolución en el caso de autos.

## II

Por otro lado, mediante la Resolución emitida el 15 de diciembre de 1997 le concedimos un término de veinte (20) días al licenciado Osorio Díaz para que mostrara causa por la cual no debía ser suspendido de la abogacía por no haber satisfecho el pago de la cuota de colegiación al Colegio de Abogados de Puerto Rico. En la resolución, el abogado fue apercibido de que su incumplimiento con la orden de este Tribunal conllevaría su suspensión automática del ejercicio de la abogacía. Ha transcurrido el término concedido sin que el abogado haya contestado nuestra orden o haya satisfecho su deuda.

## III

El Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que es deber de todo abogado defender con diligencia los intereses del cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re Acosta Grubb*, 119 D.P.R. 595 (1987). También hemos señalado que incurre en grave falta y violación de este canon y del Canon 23 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual regula todo lo relativo al manejo por el abogado de los bienes de su cliente, el abogado que retiene una suma adelantada por el cliente en concepto de honorarios sin realizar la gestión a la cual se comprometió. *In re Salichs Martínez*, 131 D.P.R. 481 (1992); *In re Rivera Carmona*, 114 D.P.R. 390 (1983).

Por otro lado, en reiteradas ocasiones hemos señalado que la naturaleza de la abogacía requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente en la esfera de conducta profesional. Todos los abogados tienen el deber de responder con diligencia a los requerimientos de este Tribunal respecto a una queja o querella presentada en su contra. También hemos señalado que procede la suspensión provisional de la abogacía en dichos casos. *In re González Albarrán*, 139 D.P.R. 543 (1995); *In re Serrano Mangual*, 139 D.P.R. 602 (1995); *In re Bonaparte Rosaly*, 131 D.P.R. 908 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

La irrazonable e inexcusable tardanza en cumplir con nuestras órdenes —cuando se investiga una queja contra un abogado— constituye una falta de respeto a este Tribunal. *In re Colón Torres*, supra. Véanse: *In re Freytes Mont*, 117 D.P.R. 11 (1986); *In re Pagán Rodríguez*, 122 D.P.R. 532 (1988).

■ Finalmente, hemos señalado que es obligación de todo abogado mantenerse al día en el pago de la cuota de colegiación. *In re Morales, Rubin*, 139 D.P.R. 44 (1995); *In re Serrallés III*, 119 D.P.R. 494, 495–496 (1987); *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986); *In re Vega González*, 116 D.P.R. 379, 381 (1985).

## IV

El Lcdo. Luis Osorio Díaz incumplió con su deber de actuar con diligencia en los asuntos que le fueron encomendados por su cliente al presentar las acciones de cancelación de pagarés casi un (1) año después del adelanto que le diera su cliente para que realizara dicha gestión. No se desprende de las mociones presentadas por el licenciado Osorio Díaz que haya cumplido con la orden del foro de instancia con respecto a la publicación de edictos ni que preparara una instancia para ser presentada en el Registro de la Propiedad, según lo había acordado con su cliente.

Por otro lado, el licenciado Osorio Díaz compareció en reiteradas ocasiones a este Tribunal fuera de los términos dispuestos para ello. Incurrió en igual conducta a pesar de habérsele otorgado una prórroga para contestar la queja presentada en su contra y para presentar su posición por escrito con respecto al informe presentado por la Oficina de Inspección de Notarías.

Además, el licenciado Osorio Díaz al momento no ha cumplido con la resolución emitida por este Tribunal en virtud de la cual le ordenamos que le devolviera a la señora Díaz Mangual la suma de quinientos dólares ($500), no empece haber transcurrido más de dos (2) meses de dicha resolución. Esto a pesar de que fue apercibido de que, de incumplir con nuestra orden, sería suspendido automáticamente de la profesión de abogado.

Finalmente, el licenciado Osorio Díaz, a pesar de habérsele apercibido que de incumplir con su obligación de satisfacer el pago de la cuota de colegiación sería suspendido de la abogacía, no ha satisfecho la suma que adeuda en dicho concepto.

A la luz de lo antes expuesto, es evidente que el abogado ha incumplido reiteradamente con las órdenes del Tribunal. Su patrón de conducta revela que él no cumple con sus obligaciones profesionales y con las normas mínimas de la abogacía. Por ende, *procede la suspensión indefinida de la abogacía y de la notaría del licenciado Osorio Díaz sin procedimientos ulteriores.*

*Se dictará la sentencia correspondiente.*