*In re* IVÁN VEGA LASALLE, querellado.

*Número:* AB-2004-180        *Resuelto:* 20 de abril de 2005

*Herminio Serrano Águeda*, querellante.

PER CURIAM: El 12 de agosto de 2004, el Sr. Herminio Serrano Águeda juramentó y presentó una queja en la Secretaría de este Tribunal contra el Lcdo. Iván Vega Lasalle.(1) En cumplimiento del trámite pautado en estos casos, la Secretaria del Tribunal le remitió copia de la queja al abogado mediante una carta certificada, con acuse

---

(1) La queja consiste, en síntesis, en que se alega que el licenciado Vega Lasalle *aceptó representar* al señor Serrano Águeda en relación con una situación que le sucedió a éste en el Hospital de Veteranos, *cobrándole en dicho día una suma de dinero en concepto de honorarios de abogado.* Días más tarde, el abogado le informó a su cliente que no podía representarlo. Al este último reclamar los honorarios pagados, *el abogado se negó a devolvérselos.*

de recibo, de 6 de octubre de 2004, carta que fue *recibida* por el licenciado Vega Lasalle. Éste *no* la contestó.

Informado de lo anterior, emitimos una Resolución el 17 de diciembre de 2004, en la que concedimos el término de diez días al licenciado Vega Lasalle para que contestara la referida queja. Le apercibimos de que su incumplimiento podría conllevar la imposición de "sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión". Resolución de 17 de diciembre de 2004, pág. 1. Dicha resolución fue notificada *personalmente* al licenciado Vega Lasalle el 20 de enero de 2005 por un alguacil de este Tribunal. El abogado *ha hecho caso omiso* de la referida resolución.

## I

Resulta verdaderamente sorprendente el hecho de que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio que el tiempo y esfuerzo invertidos en obtener su grado académico y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y el apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re Cuevas Vélez*, 157 D.P.R. 129 (2002); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). Asimismo, hemos sido *enfáticos* al señalar que la naturaleza pública de la profesión de abo-

gado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re Vázquez Santiago*, 155 D.P.R. 926 (2001).

■ En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, *constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.*([2]) Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía". *In re Vargas Soto*, 146 D.P.R. 55, 62 (1998).

■ Como señaláramos en *In re Escalona Colón*, 149 D.P.R. 900, 901 (1999), el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes". *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998). Véase, además, *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).

---

([2]) *In re Pérez Brasa*, 155 D.P.R. 813 (2001); *In re Vázquez Santiago*, 155 D.P.R. 926 (2001); *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001); *In re López López*, 149 D.P.R. 82 (1999); *In re Vargas Soto*, 146 D.P.R. 55 (1998); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995); *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992).

## II

La actitud de dejadez y desidia que ha demostrado el Lcdo. Iván Vega Lasalle ante la orden emitida por este Tribunal *constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión.* Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Iván Vega Lasalle del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rivera Pérez no intervino.