per curiam:
Reinaldo Laboy Ramos fue admitido al ejer-cicio de la profesión de abogado el 30 de junio de 1993, y el 16 de julio de 1993 fue admitido a ejercer como notario.
I
El pasado 25 de mayo de 2006 la Secretaria del Tribunal Supremo cursó una comunicación por correo certificado al licenciado Reinaldo Laboy Ramos (Laboy Ramos) con rela-ción a una queja presentada en su contra en este Tribunal por la señora Modesta Collazo Román. En dicha carta se le concedía un término de diez días para contestar la queja presentada en su contra.
El 1 de agosto de 2006, mediante una segunda notifica-ción, se le concedió un término adicional de diez días para contestar la referida queja. No compareció dentro del tér-mino requerido.
El 29 de agosto de 2006, mediante una Resolución y bajo apercibimiento de suspensión al ejercicio de la profesión, se le concedió un término de diez días adicionales para *1068 contestar la queja en su contra. Esta Resolución le fue no-tificada personalmente por un alguacil del Tribunal el 28 de septiembre de 2006.
El 31 de agosto de 2006, Laboy Ramos presentó ante nos un escrito titulado Contestación a Querella.
El 15 de septiembre de 2006, la Secretaría del Tribunal Supremo cursó una comunicación por correo a la licenciada Carmen H. Carlos, directora de la Oficina de Inspección de Notarías. Se le indicó que en cumplimiento con la Regla 14(d) del Reglamento del Tribunal Supremo, se le refería copia del expediente de la queja de referencia para la in-vestigación e informe correspondientes.
El 12 de junio de 2007, mediante Resolución, se le soli-citó a la Directora de la Oficina de Inspección de Notarías que en un término de treinta días notificara las gestiones realizadas para dar cumplimiento a la Regla 14(d) del Re-glamento del Tribunal Supremo, 4 L.RR.A. Ap. XXI-A.
El 31 de julio de 2007, la Leda. Lourdes I. Quintana, directora de la Oficina de Inspección de Notarías, presentó ante nos una Moción en Cumplimiento de Orden. Indicó, entre otras cosas, que como parte del proceso para comple-tar un expediente, se le requirió a Laboy Ramos informa-ción adicional que resultaba esencial para la preparación de dicho informe. Sin embargo, Laboy Ramos no compare-ció para ofrecer la información solicitada.
El 22 de agosto de 2007, mediante una Resolución y bajo apercibimiento de suspensión al ejercicio de la profesión de abogado, se le concedió un término de veinte días adiciona-les a Laboy Ramos para que compareciera ante la Oficina de Inspección de Notarías y sometiera la información solicitada. Además, se le indicó que dentro del mismo tér-mino debería certificar a este Tribunal el cumplimiento de esta Resolución. Esta Resolución le fue notificada perso-nalmente por un alguacil del Tribunal el 6 de septiembre de 2007.
Hoy, Laboy Ramos no ha cumplido con los requerimien-tos antes indicados.
*1069 En vista de lo anterior, procedemos a resolver este asunto sin trámite ulterior.
II
Hemos resuelto, en reiteradas ocasiones, que todo abo-gado tiene el deber y la obligación de responder con dili-gencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente a nuestros apercibimientos de impo-nerle sanciones disciplinarias. In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Díaz Rodríguez, 166 D.P.R. Ap. (2005); In re Vega Lassalle, 164 D.P.R. 659 (2005); In re Quintero Alfaro, 161 D.P.R. Ap. (2004); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995); In re Osorio Díaz, 131 D.P.R. 1050 (1992); In re Colón Torres, 129 D.P.R. 490, 494 (1991).
En el caso antes nos, el licenciado Laboy Ramos se ha mostrado indiferente a nuestro apercibimiento de impo-nerle sanciones disciplinarias. Evidentemente no le inte-resa continuar ejerciendo la profesión.
En vista de lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y la notaría al licen-ciado Reinaldo Laboy Ramos.
Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver-les cualesquiera honorarios recibidos por trabajos no reali-zados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obliga-ción de acreditar y certificar ante este Tribunal el cumpli-miento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta opinión per curiam y Sentencia.
Finalmente, el Alguacil de este Tribunal deberá incau- *1070 tarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspec-ción de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.