per curiam:
Mediante una resolución notificada perso-nalmente el 20 de noviembre de 2007, ordenamos al Ledo. Ciro Ángel Betancourt que cumpliera con una resolución anterior en la que le concedíamos el término para expre-sarse sobre un informe de la Oficina de Inspección de No-tarías (ODIN). En esa última ocasión le apercibimos de severas sanciones, incluyendo la separación del ejercicio de la abogacía.
*717 Posteriormente compareció la Directora de ODIN, reite-rando su informé anterior que revela, entre otras deficien-cias, una deuda arancelaria ascendente a $24,636. Vencido en exceso el término concedido, el licenciado Betancourt no ha comparecido.
Hemos señalado, en innumerables ocasiones, las conse-cuencias que conlleva el incumplimiento con los requeri-mientos y las órdenes del Tribunal. Asimismo hemos indi-cado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros re-querimientos y se muestra indiferente ante ñuestros aper-cibimientos de imponerle sanciones disciplinarias, In re Ortiz McWilliams, 173 D.P.R. Ap. (2008); In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Díaz Rodríguez, 166 D.P.R. Ap. (2005); In re Vega Lassalle, 164 D.P.R. 659 (2005); In re Quintero Alfaro, 161 D.P.R. Ap. (2004); In re Laborde Freyre I, 154 D.P.R. 112 (2001); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995). Desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, que le exige a los miembros de la profesión legal el deber de observar para con los tribunales una conducta que se ca-racterice por el respeto y la diligencia. In re De León Rodríguez, 173 D.P.R. 80 (2008); In re Hoffman Mouriño, 170 D.P.R. 968 (2007); In re Torres Rodríguez, 159 D.P.R. 52 (2004); In re Maldonado Rivera, 147 D.P.R. 380 (1999).
Visto lo anterior, se ordena la suspensión indefinida e inmediata del Ledo. Ciro Angel Betancourt del ejercicio de la abogacía. Además, examinado el informe sobre el estado de la obra notarial incautada y otros extremos, presentado el 1 de diciembre de 2006 por la Leda. Marla D. Ríos Díaz, directora interina de ODIN, en virtud de lo dispuesto en el Art. 66 de la Ley Núm. 75 de 2 de julio de 1987, Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2106.

Se dictará sentencia de conformidad.