per curiam:
El Ledo. Antonio J. Géigel Ginorio fue admi-tido al ejercicio de la profesión de abogado el 9 de abril de 1964 y el 20 de mayo de 1964 a ejercer como notario.
*773 I
El 2 de noviembre de 2007, el Secretario Ejecutivo del Fondo de Fianza Notarial del Colegio de Abogados pre-sentó una moción en la que informó que el licenciado Géi-gel Ginorio tenía al descubierto el pago de la fianza notarial desde abril de 2007. En consecuencia, el Colegio de Abogados solicitó la terminación de la fianza prestada por el licenciado Géigel el 21 de abril de 1964.
En vista de ello, mediante Resolución de 28 de noviem-bre de 2007 concedimos al abogado de epígrafe un término de veinte días para mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría. En la resolución se le apercibió de que su incumplimiento con las órdenes de este Tribunal conllevaría la suspensión al ejercicio de la notaría y podría dar lugar a sanciones disciplinarias adicionales.
Transcurrido el término de veinte días sin recibir la comparecencia del licenciado Géigel se le concedió, me-diante la Resolución de 8 de febrero de 2008, un término final de diez días para cumplir con la orden señalada, aper-cibiéndole de la suspensión al ejercicio de la abogacía. Fue notificado personalmente por un alguacil. Así las cosas, el término concedido expiró y el abogado no ha comparecido ante el Tribunal ni ha satisfecho su deuda. En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.
II
El requisito de la fianza notarial surge del Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2011. Este artículo dispone que, para poder ejercer la profesión notarial en Puerto Rico, se tiene que prestar una fianza no menor de quince mil dólares para responder por el buen desempeño de las funciones de su cargo y de los daños y *774 perjuicios que cause el notario en el ejercicio de sus funciones. In re Ribas Dominicci I, 131 D.P.R. 491 (1992).
La Ley Notarial de Puerto Rico provee varios mecanis-mos para poder cumplir con el requisito de la fianza notarial. Ésta puede ser hipotecaria o prestada por una compañía de seguros o por el Colegio de Abogados de Puerto Rico. De ser la fianza provista por el Colegio de Abogados, las primas pagadas a esta institución pasarán a formar parte del Fondo Especial de Fianza Notarial, cuyas funciones y propósitos están regulados en el Art. 79 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2141.
Un notario que no cuente con la protección que ofrece la fianza constituye un peligro no sólo para el tráfico jurídico de los bienes inmuebles, sino para las personas que a diario utilizan sus servicios en Puerto Rico. Además, el no hacer gestiones para renovar la fianza notarial constituye una falta de respeto a este Foro. In re Díaz García, 104 D.P.R. 171 (1975). Por estas razones, el incumplimiento de la obligación de pagar las primas de la fianza notarial requiere la intervención disciplinaria de este Tribunal. In re Ribas Dominicci I, supra.
Asimismo, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2005); In re Díaz Rodríguez, 166 D.P.R. Ap. (2005); In re Vega Lassalle, 164 D.P.R. 659 (2005); In re Quintero Alfaro, 161 D.P.R. Ap. (2004); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 *775 D.P.R. 543 (1995); In re Colón Torres, 129 D.P.R. 490, 494 (1991).
El licenciado Géigel Ginorio ha hecho caso omiso a nues-tras órdenes al incumplir las resoluciones referidas. Así mismo, se ha mostrado indiferente ante nuestro apercibi-miento de imponerle sanciones disciplinarias. Es muy pe-noso que, en este caso, un abogado que lleva cuarenta y cuatro años en el desempeño de la profesión tenga que ser suspendido por no cumplir con los requerimientos de este Tribunal.
En vista de lo anterior y al amparo de nuestro poder inherente de reglamentar la profesión, se suspende inme-diata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Géigel Ginorio.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar repre-sentándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Ade-más, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del tér-mino de treinta días a partir de la notificación de esta opi-nión “per curiam” y Sentencia. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Géigel Ginorio y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.