per curiam:
El 20 de febrero de 2007, la Secretaria de este Tribunal cursó comunicación a la Leda. Rebecca Santiago Méndez, con relación a una queja presentada en su contra. Según se desprende de autos, ésta fue devuelta por el correo por la razón siguiente: “UNCLAIMED”. Mediante la segunda notificación de 19 de abril de 2007, se le concedió un término adicional de diez días para contestarla. A solicitud suya, se le concedió una prórroga de treinta días.
No obstante, dado que el plazo concedido transcurrió sin que la licenciada Santiago Méndez cumpliera con lo requerido, el 5 de noviembre de 2007 emitimos una resolución mediante la cual le concedimos un término de diez días a la licenciada Santiago Méndez, a partir de su notificación, para que compareciera y contestara la querella presentada en su contra. Se le apercibió, además, de que su incumplimiento con esta resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión.
Al día de hoy la licenciada Santiago Méndez todavía no ha comparecido ante este Tribunal. Por ende, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.
I
Reiteradamente hemos resuelto que todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, en particular cuando están relacionados con procedimientos sobre su conducta profesional. En vista de ello, hemos señalado que procede la suspensión automática del ejercicio de la abogacía cuando un abogado no atiende con premura nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *825 In re De Jesús Ortiz, 174 D.P.R. Ap. (2008); In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Díaz Rodriguez, 166 D.P.R. Ap. (2005); In re Vega Lasalle, 164 D.P.R. 659 (2005).
Es decir, todo abogado tiene la obligación ineludible de responder de manera diligente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, 172 D.P.R. 345 (2007). Asimismo, hemos afirmado en múltiples ocasiones que desatender las comunicaciones relacionadas a procedimientos disciplinarios “tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal”. In re Ríos Acosta I, 143 D.P.R. 128, 135 (1997); In re Rodríguez Bigas, supra. Sin embargo, constantemente nos enfrentamos a cantidad de letrados que hacen caso omiso a nuestras órdenes y apercibimientos. Al parecer, olvidan que su “actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su suspensión indefinida”. In re Pagán Ayala, 130 D.P.R. 678, 683 (1992).
II
En esta ocasión, nos enfrentamos al caso de una abogada que no ha atendido los requerimientos de este Tribunal en torno a la evaluación de su conducta profesional. Su incomparecencia ha tenido el resultado de impedir que cumplamos con nuestra encomienda de investigar los méritos de la queja presentada en su contra.
Sin lugar a dudas, de todo lo anterior surge claramente que la licenciada Santiago Méndez ha desatendido sus obligaciones como abogada. Ello es indicativo de que ya no desea continuar en el ejercicio de la profesión legal. En vista de que no es la primera vez que tenemos que ejercer nuestra facultad disciplinaria en cuanto a la licenciada Santiago *826 Méndez respecta,([1]) procede que decretemos su suspensión inmediata e indefinida del ejercicio de la abogacía.
III
Por las razones expresadas, suspendemos a la Leda. Rebecca Santiago Méndez inmediata e indefinidamente del ejercicio de la abogacía. Su conducta constituye un claro menosprecio a la labor de los tribunales de justicia y, en particular, a la función disciplinaria de este Tribunal.
La licenciada Santiago Méndez notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en donde tenga algún caso pendiente.
Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo señalado. El Alguacil de este Tribunal se incautará inmediatamente de la obra y el sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.

(1) Anteriormente, la licenciada Santiago Méndez fue suspendida de la abogacía mediante opinión per curiam y Sentencia de 27 de diciembre de 1991. Posteriormente fue suspendida de la notaría mediante opinión per curiam de 19 de mayo de 1995, y fue suspendida de la abogacía nuevamente mediante opinión per curiam, de 14 de junio de 1996. Véanse:; In re Santiago Méndez, 141 D.P.R. 75 (1996); In re Santiago Méndez, 138 D.P.R. 531 (1995); In re Santiago Méndez, 129 D.P.R. 696 (1991).