per curiam:
El pasado 30 de septiembre de 2008 emiti-mos una resolución concediéndole un término de 10 días a la Leda. Lydia I. Otero Encarnación para que compareciera ante la Comisión de Ética del Colegio de Abogados de Puerto Rico y respondiera a sus requerimientos sobre una investigación que dicho foro conduce con relación a su con-ducta profesional. A su vez, le ordenamos comparecer ante nos para que expusiera sus razones, si alguna, por las cua-les no debiéramos imponerle sanciones disciplinarias. Por último, le apercibimos de que lo contrario podría conllevar consecuencias severas, como su suspensión indefinida del ejercicio de la profesión.
I
La Sra. Donna Marie Vázquez contrató los servicios pro-fesionales de Otero Encarnación, ya que su padre, el Sr. Luis Antonio Vázquez Vargas, deseaba presentar una ac-ción judicial para evitar que una de sus hermanas se apo- *769 derara del caudal hereditario del padre de ambos, don Carmelo Vázquez Negrón. Con ese fin, acordaron por vía telefónica que un amigo de don Luis Antonio le entregaría $950 a Otero Encarnación como pago inicial por sus servicios. Tras la entrega de dicha cantidad, la señora Váz-quez se comunicó con Otero Encarnación y, presunta-mente, ésta le indicó que ya había presentado una “moción de emergencia” en el Tribunal de Primera Instancia, Sala Superior de Carolina.
Con el pasar del tiempo, sin embargo, la señora Vázquez se enteró de que Otero Encarnación nunca había presen-tado la referida moción. Tampoco había constancia alguna en el Tribunal de Primera Instancia de una demanda sobre el asunto antes reseñado. En vista de ello, e inconforme con los servicios de Otero Encamación, la señora Vázquez le solicitó que le devolviera el dinero pagado. Sin embargo, nunca recibió una respuesta a sus llamadas ni recobró los $950 que había entregado a dicha abogada.
Así las cosas, la señora Vázquez presentó una queja ante la Comisión de Etica del Colegio de Abogados para que se examinara la conducta profesional de Otero Encar-nación y se le ordenara devolver la suma cobrada por los servicios que, supuestamente, nunca prestó. Recibida dicha queja, la oficial investigadora a cargo del caso le noti-ficó sobre ésta a Otero Encarnación mediante cuatro car-tas, tres de las cuales fueron enviadas por correo certificado con aviso de recibo. En estas comunicaciones, la oficial examinadora le solicitó que contestara la queja pre-sentada ante la Comisión de Etica y le apercibió de que desatender los requerimientos del Colegio de Abogados po-dría conllevar la imposición de severas sanciones discipli-narias por parte de este Tribunal.
A pesar de lo anterior, Otero Encarnación nunca con-testó la referida queja. Por tal motivo, la oficial investiga-dora compareció ante nos a través de una moción informa-tiva en la que expresó que debido a que la abogada de *770 epígrafe no había contestado la queja, no estaba en posición de emitir una recomendación sobre el asunto pre-sentado en ésta. Así, pues, solicitó nuestra intervención para que tomáramos la acción correspondiente.
En atención a esta solicitud, el 30 de septiembre de 2008 emitimos la resolución antes mencionada, la cual fue diligenciada personalmente por personal de la Oficina del Alguacil de este Tribunal. Según surge de la faz de la re-solución, ésta fue recibida por Otero Encarnación el 22 de octubre de 2008. A pesar de ello, ésta aún no ha compare-cido ante nos.
II
 Como se sabe, todo abogado tiene la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, en particular aquellos asuntos que están relacionados con procedimientos sobre su conducta profesional. Así, pues, reiteradamente hemos señalado que procede suspender de forma automática a un abogado que no atiende con premura nuestros requerimientos y que se muestra indiferente ante nuestros apercibimientos de im-ponerle sanciones disciplinarias. In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Díaz Rodríguez, 166 D.P.R. Ap. (2005); In re Vega Lasalle, 164 D.P.R. 659 (2005); In re Quintero Alfaro, 161 D.P.R. Ap. (2007).
A pesar de ello, constantemente nos enfrentamos a cantidad de letrados que hacen caso omiso a nuestras órdenes y apercibimientos. Al parecer, olvidan que su “actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su suspensión indefinida”. In re Pagán Ayala, 130 D.P.R. 678, 683 (1992). En este sentido, como demuestra el citado precedente, la obligación de atender los requerimientos relacionados a un procedimiento disciplinario contra un abogado no se limita a aque- *771 llos formulados por este Tribunal. Ésta se extiende tam-bién a los requerimientos formulados por el Procurador General, la Comisión de Etica del Colegio de Abogados y la Oficina de Inspección de Notarías. Véanse, e.g.: In re Grau Díaz, 154 D.P.R. 70 (2001); In re Arroyo Rivera, 148 D.P.R. 354 (1999).
III
En esta ocasión, nos enfrentamos al caso de una abo-gada que no ha atendido los requerimientos de este Tribunal ni de la Comisión de Ética del Colegio de Abogados en torno a la evaluación de su conducta profesional. En primer lugar, Otero Encarnación no ha comparecido ante la Comisión de Ética para contestar sus requerimientos, lo que ha tenido el resultado de impedir que dicha entidad cumpla con su deber de investigar el proceder de ésta en cuanto a los asuntos para los cuales, presuntamente, fue contratada. Además, requerida por este Tribunal para acreditar su cumplimiento con su obligación de comparecer ante la Comisión de Ética, Otero Encarnación también ha ignorado nuestras órdenes.
Sin lugar a dudas, de todo lo anterior surge claramente que Otero Encarnación ha desatendido sus obligaciones como abogada. Esto indica que ya no desea continuar en el ejercicio de la profesión legal. En vista de ello, procede que decretemos su suspensión inmediata e indefinida del ejer-cicio de la abogacía.
IV
Por las razones antes expresadas, suspendemos a la Leda. Lydia I. Otero Encarnación inmediata e indefinida-mente del ejercicio de la abogacía por desatender tanto nuestros requerimientos como los de la Comisión de Etica del Colegio de Abogados en torno a la queja presentada en su contra.

*772
Otero Encarnación notificará a sus clientes que por mo-tivo de la suspensión que le hemos impuesto no puede con-tinuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibi-dos por trabajos no realizados. Asimismo, informará de su suspensión a toda Sala del Tribunal General de Justicia o foro administrativo en donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de 30 días, que cumplió con lo antes señalado. El cumplimiento con estos deberes será notificado también a la Comisión de Etica del Colegio de Abogados. El Alguacil de este Tribunal se incautará in-mediatamente de la obra y el sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Fiol Matta no intervino.