El Colegio de Abogados de Puerto Rico comparece ante nos para solicitar la terminación de la fianza notarial pres-tada por el Ledo. Rafael Rosa Ramírez debido a que éste tiene al descubierto su pago. Por ello, le concedimos al que-rellado un término de veinte (20) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría. Además, le apercibimos que el incumplimiento con las órdenes de este Tribunal podría conllevar la suspensión del ejercicio de la abogacía y la notaría, y dar lugar a san-ciones disciplinarias adicionales.
El término concedido expiró y el abogado no ha compa-recido ante el Tribunal ni ha satisfecho su deuda en con-cepto de fianza notarial. En vista de lo anterior, procede-mos a resolver este asunto sin ulterior trámite.
*793 I
El Art. 7 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2011, dispone que para poder ejercer la profesión notarial en Puerto Rico se requiere prestar una fianza no menor de quince mil dólares para responder por el buen desempeño de las funciones de su cargo y de los daños y perjuicios que pueda causar en el ejercicio de sus funciones. Aquel notario que no cuenta con la protección que ofrece la fianza notarial constituye un peligro tanto para el tráfico jurídico como para las personas que utilizan sus servicios. No hacer gestiones para renovar la fianza notarial constituye una falta de respeto hacia este Tribunal, por lo que se requiere nuestra intervención disciplinaria. In re Ribas Dominicci I, 131 D.P.R. 491 (1992).
Además, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Vega Lasalle, 164 D.P.R. 659 (2005); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995); In re Colón Torres, 129 D.P.R. 490 (1991).
Cónsono con lo anterior, se suspende inmediata e indefi-nidamente del ejercicio de la abogacía y la notaría al Ledo. Rafael Rosa Ramírez. Se impone al abogado querellado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolverles cualesquiera hono-rarios recibidos por trabajos no realizados e informar opor- *794 tunamente su suspensión a los foros judiciales y admin-istrativos. Además, tiene la obligación de acreditar y certi-ficar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notifica-ción de esta opinión “per curiam”y Sentencia. Esta opinión y la sentencia correspondiente se notificará personalmente al abogado de epígrafe a la última dirección que aparece en el expediente personal del abogado.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Rafael Rosa Ramírez y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la sentencia de conformidad.