per curiam:
El Colegio de Abogados de Puerto Rico com-parece ante nos para solicitar la terminación de la fianza notarial prestada por el Ledo. Carlos A. Cubero Feliciano debido a que éste tiene al descubierto el pago de su fianza. Por ello, le concedimos al querellado un término de veinte días para mostrar causa por la cual no debía ser suspen-dido del ejercicio de la notaría. Además, le apercibimos de que incumplir con las órdenes de este Tribunal podría con-llevar que lo suspendamos del ejercicio de la abogacía y la notaría, y dar lugar a sanciones disciplinarias adicionales.
El término concedido expiró y el abogado no ha compa-recido ante el Tribunal ni ha satisfecho su deuda en con-cepto de fianza notarial. Como consecuencia de lo anterior, procedemos a resolver este asunto sin ulterior trámite.
I
El Art. 7 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2011, dispone que para poder ejercer la profesión notarial en Puerto Rico se requiere prestar una fianza no menor de quince mil dólares para responder por el buen desempeño de las funciones de su cargo y de los daños y perjuicios que pueda causar en el ejercicio de sus funciones. Aquel notario que no cuenta con la protección que ofrece la fianza notarial constituye un peligro tanto para el tráfico jurídico como para las personas que utilizan sus servicios. No hacer gestiones para renovar la fianza notarial constituye una falta de respeto hacia este Tribunal por lo que se requiere nuestra intervención disciplinaria. In re Ribas Dominicci I, 131 D.P.R. 491 (1992).
*796 Además, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de pro-cedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Vega Lasalle, 164 D.P.R. 659 (2005); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995); In re Colón Torres, 129 D.P.R. 490 (1991).
Como consecuencia de lo anterior, se suspende inme-diata e indefinidamente del ejercicio de la abogacía y la notaría al Ledo. Carlos A. Cubero Feliciano. Se le impone al abogado querellado el deber de notificar a todos sus clientes su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia. Esta opinión y la sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la úl-tima dirección que aparece en el expediente personal del abogado.
Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Carlos A. Cubero Feli-ciano y entregarla a la Directora de la Oficina de Inspec-ción de Notarías para la correspondiente investigación e informe.

Se dictará la sentencia de conformidad.