per curiam:
El Colegio de Abogados de Puerto Rico com-parece ante nos para solicitar la terminación de la fianza notarial prestada por la Lie. Nydia María Díaz Buxó de-bido a que ésta tiene al descubierto el pago de su fianza. Por ello le concedimos a la querellada un término de veinte días para mostrar causa por la cual no debía ser suspen-dida del ejercicio de la notaría. Además, le apercibimos que *798 el incumplimiento con las órdenes de este Tribunal podría conllevar la suspensión del ejercicio de la abogacía y la notaría, y dar lugar a sanciones disciplinarias adicionales.
El término concedido expiró y la abogada no ha compa-recido ante el Tribunal ni ha satisfecho su deuda en con-cepto de fianza notarial. Por ello, procedemos a resolver este asunto sin ulterior trámite.
I
El Art. 7 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 L.P.R.A. sec. 2011, dispone que para poder ejercer la profesión notarial en Puerto Rico se requiere prestar una fianza no menor de quince mil dólares para responder por el buen desempeño de las funciones de su cargo y de los daños y perjuicios que pueda causar en el ejercicio de sus funciones. Aquel notario que no cuenta con la protección que ofrece la fianza notarial constituye un peligro tanto para el tráfico jurídico como para las personas que utilizan sus servicios. No hacer gestiones para renovar la fianza notarial constituye una falta de respeto hacia este Tribunal, por lo que se requiere nuestra intervención disciplinaria. In re Ribas Dominicci I, 131 D.P.R. 491 (1992).
Además, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re Lloréns Sar, 170 D.P.R. 198 (2007); In re Vega Lasalle, 164 D.P.R. 659 (2005); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re *799 González Albarrán, 139 D.P.R. 543 (1995); In re Colón Torres, 129 D.P.R. 490 (1991).
Como consecuencia de lo anterior, se suspende inme-diata e indefinidamente del ejercicio de la abogacía y la notaría a la Lie. Nydia María Díaz Buxó. Se le impone a la abogada querellada el deber de notificar a todos sus clien-tes su inhabilidad para continuar representándolos, devol-verles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente su suspensión a los foros judiciales y administrativos. Además, tiene la obliga-ción de acreditar y certificar ante este Tribunal el cumpli-miento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión “per curiam” y sentencia. Esta opinión y la sentencia correspondiente se notificará personalmente a la abogada de epígrafe a la úl-tima dirección que aparece en el expediente personal de la abogada.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Lie. Nydia María Díaz Buxó y entregarla a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la sentencia de conformidad.