

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Rafael A. Asencio Márquez | 2009 TSPR 167 <br><br> 177 DPR _____ |

Número del Caso: TS-12,122

Fecha: 26 de agosto de 2009

Colegio de Abogados de Puerto Rico:

    Lcdo. Israel Pacheco Acevedo
    Secretario Ejecutivo

Materia: Conducta Profesional
    (La suspensión será efectiva una vez adveng a final y firme la Sentencia conforme a la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideraci ón).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correccione s del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace c omo un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

                                    TS-12122
Rafael A. Asencio Márquez


                        PER CURIAM



San Juan, Puerto Rico a 26 de agosto de 2009.

El Colegio de Abogados de Puerto Rico comparece ante nos para solicitar la terminación de la fianza notarial prestada por el Lcdo. Rafael A. Asencio Márquez debido a que tiene al descubierto el pago de ésta desde agosto de 2008. En vista de ello, el 21 de mayo de 2009, le concedimos al querellado un término de veinte (20) días para mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría.[1] Además le apercibimos que el incumplimiento con las órdenes de este Tribunal podría conllevar la suspensión del

---

[1] La Resolución fue notificada en dos ocasiones por correo certificado con acuse de recibo a direcciones distintas. Sólo una de ellas fue devuelta.

ejercicio de la notaría y dar lugar a sanciones disciplinarias adicionales.[2]

El término concedido expiró y el licenciado Asencio Márquez no ha comparecido ante el Tribunal, ni ha satisfecho su deuda por concepto de fianza notarial. En vista de lo anterior, procedemos a resolver este asunto sin ulterior trámite.

II

El Artículo 7 de la Ley Notarial, 4 L.P.R.A. sec. 2011, dispone que para poder ejercer la profesión notarial en Puerto Rico es requerido prestar una fianza no menor de quince mil dólares ($15,000.00) para responder por el buen desempeño de las funciones de su cargo y de los daños y perjuicios que pueda causar en el ejercicio de sus funciones. Aquel notario que no cuenta con la protección que ofrece la fianza notarial constituye un peligro tanto para el tráfico jurídico como para las personas que utilizan sus servicios. El no hacer gestiones para renovar la fianza notarial constituye una falta de respeto hacia este Tribunal por lo que ello requiere nuestra intervención disciplinaria. In re: Ribas Dominicci, 131 D.P.R. 491 (1992).

Además, todo abogado tiene el deber y obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de

---

[2] En al año 2007 el Colegio de Abogados también compareció ante este Tribunal a solicitar la cancelación de la fianza notarial por la conducta del licenciado Asencio Márquez de dejar de satisfacer el pago de la fianza.

procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re: Cubero Feliciano, 2009 T.S.P.R. 81, res. el 7 de abril de 2009; In re: Rullán Castillo, res. el 8 de febrero de 2007, 2007 T.S.P.R. 41; In re: Lloréns Sar, res. el 5 de febrero de 2007, 2007 T.S.P.R. 31; In re: Vega Lasalle, 164 D.P.R. 659 (2005); In re: Osorio Díaz, *supra*; In re: Serrano Mangual, 139 D.P.R. 602 (1995); In re: González Albarrán, 139 D.P.R. 543 (1995); In re: Colón Torres, 129 D.P.R. 490 (1991).

En vista de lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Rafael A. Asencio Márquez.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Esta Opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la

última dirección que aparece en el expediente personal del abogado.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Rafael A. Asencio Márquez y entregar éstos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

                               TS-12122
Rafael A. Asencio Márquez


                         SENTENCIA

        San Juan, Puerto Rico a 26 de agosto de 2009.

        Por las razones expuestas en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Lcdo. Rafael A. Asencio Márquez.

        Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

        Esta Opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la última dirección que aparece en el expediente personal del abogado.

        Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial del Lcdo. Rafael A. Asencio Márquez y entregar éstos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo