per curiam:
El Colegio de Abogados de Puerto Rico comparece ante nos para solicitar la terminación de la fianza notarial prestada por el Ledo. Benjamín Cintrón Rodríguez debido a que éste tiene al descubierto el pago de su fianza. El 21 de mayo de 2009 concedimos al querellado un término de veinte días para mostrar causa por la cual no debía ser suspendido del ejercicio de la notaría. Además, le apercibimos que el incumplimiento con las órdenes de este Tribunal podría conllevar la suspensión del ejercicio de la *596 notaría y dar lugar a sanciones disciplinarias adicionales.(1)
El término concedido expiró y el licenciado Cintrón Rodríguez no ha comparecido ante el Tribunal ni ha satisfecho su deuda en concepto de fianza notarial. Por lo anterior, procedemos a resolver este asunto sin ulterior trámite.
I
El Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. see. 2011, dispone que para poder ejercer la profesión notarial en Puerto Rico se requiere prestar una fianza no menor de quince mil dólares para responder por el buen desempeño de las funciones de su cargo y por los daños y perjuicios que pueda causar en el ejercicio de sus funciones. Aquel notario que no cuenta con la protección que ofrece la fianza notarial constituye un peligro tanto para el tráfico jurídico como para las personas que utilizan sus servicios. El no hacer gestiones para renovar la fianza notarial constituye una falta de respeto hacia este Tribunal, por lo que ello requiere nuestra intervención disciplinaria. In re Ribas Dominicci I, 131 D.P.R. 491 (1992).
Además, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. Anteriormente hemos señalado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re Cubero Feliciano I, 175 D.P.R. 794 (2009); In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re *597 Lloréns Sar, 170 D.P.R. 198 (2007); In re Vega Lasalle, 164 D.P.R. 659 (2005); In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Serrano Mangual, 139 D.P.R. 602 (1995); In re González Albarrán, 139 D.P.R. 543 (1995); In re Colón Torres, 129 D.P.R. 490 (1991).
Debemos señalar que no es la primera ocasión en la que el Colegio de Abogados ha tenido que comparecer ante nosotros por la conducta del licenciado Cintrón Rodríguez de dejar de satisfacer el pago de la fianza notarial.(2)
Por lo anterior, se suspende indefinidamente del ejercicio de la abogacía y la notaría al Ledo. Benjamín Cintrón Rodríguez. Se impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.
Esta opinión y la Sentencia correspondiente se notificarán personalmente al abogado de epígrafe a la última dirección que aparece en el expediente personal del abogado. Finalmente, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Ledo. Benjamín Cintrón Rodríguez y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará la Sentencia de conformidad.

 La Resolución fue notificada por correo certificado con acuse a la dirección que consta en su expediente.

 El Colegio de Abogados ha comparecido ante este Tribunal a solicitar la cancelación de la fianza notarial del licenciado Cintrón Rodríguez en los años siguientes: 2006, 2007 y 2008.