

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Carlos A. Cubero Feliciano | 2010 TSPR 48<br><br>178 DPR \_\_\_\_ |

Número del Caso: TS-12179


Fecha: 5 de abril de 2010


Oficina de Inspección de Notarías:

      Lcda. Lourdes Quintana Llorens
      Directora


Materia: Conducta Profesional
     (La suspensión será efectiva el 21 de abril de    2010,
     Fecha en que se le notificó al abogado de su s    uspensión
     Inmediata).

Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correccione   s del proceso de compilación y publicación oficial de las decisio   nes del Tribunal. Su distribución electrónica se hace como    un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Cubero Feliciano

TS-12179

PER CURIAM

En San Juan, Puerto Rico, a 5 de abril de 2010.

I

El Lcdo. Carlos A. Cubero Feliciano fue admitido al ejercicio de la abogacía el 21 de enero de 1998 y a la notaría el 23 de junio de 1998.

El Colegio de Abogados acudió ante este Tribunal e informó que el licenciado Cubero Feliciano adeudaba el pago de la fianza notarial. En vista de ello, le concedimos al licenciado Cubero Feliciano tiempo para mostrar causa por la cual no debía ser suspendido de la abogacía y notaría. Ante la falta de comparecencia e

incumplimiento con la orden de este Tribunal, el 7 de abril de 2009 lo suspendimos indefinidamente del ejercicio de la abogacía y notaría. In re Cubero Feliciano I, res. el 7 de abril de 2009, 2009 T.S.P.R. 81, 2009, J.T.S. 84, 175 D.P.R. __ (2009).

El 20 de mayo de 2009 admitimos nuevamente al licenciado Cubero Feliciano al ejercicio de la abogacía, pero no así de la notaría. En esa ocasión, ordenamos a la Directora de la Oficina de Inspección de Notarías (O.D.I.N.) a que informara sobre el estado de la obra notarial incautada al licenciado Cubero Feliciano. In re Cubero Feliciano II, res. el 20 de mayo de 2009, 2009 T.S.P.R. 82, 2009 J.T.S. 85, 175 D.P.R. __ (2009).

Oportunamente, la Directora de O.D.I.N. nos informó de varias deficiencias en la obra notarial del licenciado Cubero Feliciano. Entre las deficiencias señaladas se distinguen: (1) la no encuadernación de los protocolos desde 1998 al 2008; (2) la falta de índices; (3) instrumentos públicos extraviados; (4) la ausencia en el Registro de Testimonios de aquellos testimonios que fueron informados; y (5) una deuda arancelaria por falta de sellos de rentas internas, impuesto notarial y asistencia legal. Según el informe de la Directora de O.D.I.N., el licenciado Cubero Feliciano adeuda en aranceles un total de $7,008.00.

El 8 de septiembre de 2009 emitimos una resolución en la que ordenamos al licenciado Cubero Feliciano

corregir las deficiencias en su obra notarial, so pena de sanciones disciplinarias. El 16 de febrero de 2010, a más de 5 meses de nuestra orden, la Directora de O.D.I.N. compareció ante nos e informó que el licenciado Cubero Feliciano "no ha hecho gestión alguna encaminada a subsanar su obra ni tenemos constancia de que se haya comunicado con esta oficina a esos efectos. Las gestiones telefónicas que se hicieron oportunamente fueron infructuosas, dado que surge que el teléfono de récord está desconectado". Moción Informativa, pág. 1.

Esta moción de la Directora de O.D.I.N. fue notificada al licenciado Cubero Feliciano y éste no ha expresado la razón de su incumplimiento con la orden que emitimos.

## II

Todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re Cubero Feliciano I, supra. Todo miembro de la clase togada debe conocer que la naturaleza de su función le requiere una escrupulosa atención y obediencia de nuestras órdenes. In re Pagán Ayala, 130 D.P.R. 678 (1992).

Procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia y premura los requerimientos de este Tribunal. In re Cubero Feliciano

I, supra. Debe imponérsele sanciones disciplinarias a un abogado que se muestre indiferente ante nuestros apercibimientos y requerimientos. In re Rullán Castillo, 170 D.P.R. 1009; In re Serrano Mangual, 164 D.P.R. 659 (2005).

## III

Nos resultan inaceptables los reiterados actos de incumplimiento de las órdenes de este Tribunal por parte del licenciado Cubero Feliciano. Esta conducta constituye una violación severa al Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9.

Anteriormente, este abogado demostró una conducta anti ética por igual proceder. In re Cubero Feliciano I, supra. Ya le advertimos que el incumplimiento con las órdenes de "este Tribunal podría conllevar que lo suspendamos del ejercicio de la abogacía y notaría y dar lugar a sanciones disciplinarias adicionales". Id., pág. 1. Por esos hechos y ante su incomparecencia, fue suspendido indefinidamente. De hecho, en la resolución admitiéndolo nuevamente a la abogacía le apercibimos que "en el futuro deberá cumplir rigurosamente... con las órdenes de este Tribunal". In re Cubero Feliciano II, supra, pág. 1. Sin embargo, no ha sido así.

Sobre la deuda arancelaria del licenciado Cubero Feliciano es preciso destacar que la falta de cancelación de sellos por parte de un notario no es solamente una violación de la Ley Notarial de Puerto Rico, 4 L.P.R.A.

sec. 2001 y ss., sino que podría inclusive resultar en la configuración del delito de apropiación ilegal. In re Merino Quiñones, 115 D.P.R. 812 (1984). Resulta intolerable que un notario adeude sumas por este concepto. In re Salas Arana, 170 D.P.R. 202 (2007).

En vista de lo anterior, se suspende inmediatamente e indefinidamente del ejercicio de la abogacía al Lcdo. Carlos A. Cubero Feliciano.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificarnos el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Carlos A. Cubero Feliciano          TS-12179

*SENTENCIA*

En San Juan, Puerto Rico, a 5 de abril de 2010.

Por los fundamentos expuestos en la Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Carlos A. Cubero Feliciano.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo