per curiam:
El Ledo. Carlos A. Cubero Feliciano fue ad-mitido al ejercicio de la abogacía el 21 de enero de 1998 y a la notaría el 23 de junio de 1998.
El Colegio de Abogados acudió ante este Tribunal e in-formó que el licenciado Cubero Feliciano adeudaba el pago de la fianza notarial. En vista de ello, concedimos al licen-ciado Cubero Feliciano tiempo para mostrar causa por la cual no debía ser suspendido de la abogacía y notaría. Ante la falta de comparecencia e incumplimiento con la orden de este Tribunal, el 7 de abril de 2009 lo suspendimos indefi-nidamente del ejercicio de la abogacía y notaría. In re Cubero Feliciano I, 175 D.P.R. 794 (2009).
El 20 de mayo de 2009 admitimos nuevamente al licen-ciado Cubero Feliciano al ejercicio de la abogacía, pero no así al de la notaría. En esa ocasión, ordenamos a la Direc-tora de la Oficina de Inspección de Notarías (O.D.I.N.) a que informara sobre el estado de la obra notarial incautada al licenciado Cubero Feliciano. In re Cubero Feliciano II, 175 D.P.R. 1006 (2009).
Oportunamente, la Directora de O.D.I.N. nos informó de varias deficiencias en la obra notarial del licenciado Cu-bero Feliciano. Entre las deficiencias señaladas se distin-guen: (1) la no encuadernación de los Protocolos desde 1998 al 2008; (2) la falta de índices; (3) instrumentos pú- *632 blicos extraviados; (4) la ausencia en el Registro de Testi-monios de aquellos testimonios que fueron informados, y (5) una deuda arancelaria por falta de sellos de rentas in-ternas, impuesto notarial y asistencia legal. Según el in-forme de la Directora de O.D.I.N., el licenciado Cubero Fe-liciano adeuda en aranceles un total de $7,008.
El 8 de septiembre de 2009 emitimos una resolución en la que ordenamos al licenciado Cubero Feliciano corregir las deficiencias en su obra notarial, so pena de sanciones disciplinarias. El 16 de febrero de 2010, a más de cinco meses de nuestra orden, la Directora de O.D.I.N. compare-ció ante nos e informó que el licenciado Cubero Feliciano “no ha hecho gestión alguna encaminada a subsanar su obra ni tenemos constancia de que se haya comunicado con esta oficina a esos efectos. Las gestiones telefónicas que se hicieron oportunamente fueron infructuosas, dado que surge que el teléfono de récord está desconectado”. Moción Informativa, pág. 1.
Esta moción de la Directora de O.D.I.N. fue notificada al licenciado Cubero Feliciano y éste no ha expresado la ra-zón de su incumplimiento con la orden que emitimos.
I
“[T]odo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional”. In re Cubero Feliciano I, supra, pág. 796. Todo miembro de la clase togada debe conocer que la naturaleza de su función le requiere una escrupulosa atención y obediencia de nuestras órdenes. In re Pagán Ayala, 130 D.P.R. 678 (1992).
Procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia y premura los requerimientos de este Tribunal. In re Cubero Feliciano I, supra. Debe imponérsele sanciones disciplinarias a un abo- *633 gado que se muestre indiferente ante nuestros apercibi-mientos y requerimientos. In re Rullán Castillo, 170 D.P.R. Ap. (2007); In re Vega Lasalle, 164 D.P.R. 659 (2005).
II
Nos resultan inaceptables los reiterados actos de incum-plimiento de las órdenes de este Tribunal por parte del licenciado Cubero Feliciano. Esta conducta constituye una violación severa al Canon 9 del Código de Etica Profesio-nal, 4 L.P.R.A. Ap. IX.
Anteriormente, este abogado demostró una conducta antiética por igual proceder. In re Cubero Feliciano I, supra. Ya le advertimos que el incumplimiento con las ór-denes de “este Tribunal podría conllevar que lo suspenda-mos del ejercicio de la abogacía y notaría, y dar lugar a sanciones disciplinarias adicionales”. Id., pág. 795. Por esos hechos y ante su incomparecencia, fue suspendido indefinidamente. De hecho, en la resolución en la cual lo admitimos nuevamente a la abogacía, le apercibimos que “en el futuro deberá cumplir rigurosamente ... con las ór-denes de este Tribunal”. (Enfasis suprimido.) In re Cubero Feliciano II, supra, pág. 1007. Sin embargo, no ha sido así.
Sobre la deuda arancelaria del licenciado Cubero Feliciano es preciso destacar que la falta de cancelación de sellos por parte de un notario no es solamente “una violación de la Ley Notarial de Puerto Rico, [4 L.P.R.A. see. 2001 et seq.], sino que podría inclusive resultar en la configuración del delito de apropiación ilegal”. (Escolios omitidos.) In re Merino Quiñones, 115 D.P.R. 812, 813 (1984). Resulta intolerable que un notario adeude sumas por este concepto. In re Salas Arana, 170 D.P.R. 202 (2007).
En vista de lo anterior, se suspende inmediatamente e indefinidamente del ejercicio de la abogacía al Ledo. Carlos A. Cubero Feliciano.
*634 Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar re-presentándolos, de devolverles cualesquiera honorarios re-cibidos por trabajos no realizados e informar oportuna-mente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificarnos el cumplimiento con lo anterior dentro del tér-mino de 30 días a partir de la notificación de esta opinión per curiam y sentencia.

Se dictará sentencia de conformidad.