BANCO DE SANTANDER DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, SECCIÓN TERCERA, recurrido.

*Número:* O-83-689 *Resuelto:* 9 de enero de 1984

*Ernesto A. Meléndez Pérez,* de *Meléndez Pérez & Rodríguez Bigas,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinón del Tribunal.

Atendemos a un conflicto en la aplicación del Arancel del Registro de la Propiedad a hipotecas que afectan locales comerciales sometidos al régimen de propiedad horizontal. El recurrente Banco de Santander (P.R.) es acreedor y poseedor de un pagaré con principal de $160,000 garantizado por hipoteca sobre edificio en condominio, compuesto por seis locales comerciales ninguno de los cuales ha sido individualizado ni inscrito como finca separada. En la escritura de constitución de hipoteca la responsabilidad por el principal fue distribuida entre los seis locales (fincas o apartamentos) y al presentarse al Registro se acompañaron comprobantes de Arancel por $426, más presentación e impuesto de Código Político, 13 L.P.R.A. sec. 1928(3), tomándose como base de cómputo la responsabilidad individual de cada apartamento. El Registrador denegó la inscripción por entender que el gravamen total pesa sobre cada uno de los locales y que la aplicación del Arancel Número Dos resulta en cargos de $590 por el principal, por lo que hay deficiencia de $164.

Ante nos, el Registrador aduce como fundamentos de su calificación que el Art. 170 de la Ley Hipotecaria que hace compulsoria la distribución del gravamen no afecta la imposición del Arancel en la forma global o total que él entiende; y que la distribución también ordenada por el Art.

9 de la Ley de Propiedad Horizontal no autoriza la inscripción de la hipoteca sobre un apartamento que no ha sido individualizado e inscrito como finca independiente. Un examen de la variada legislación que regula esta operación de Registro le quita razón al recurrido. El Art. 148.1 del Reglamento, Ley Hipotecaria, que prohíbe registrar hipoteca ... a menos que los bienes "consten previamente inscritos y sean enajenables" no impide la constitución de hipoteca sobre apartamentos sometidos al régimen de propiedad horizontal a cuyos fines esta ley, con patente propósito de fomentar al máximo la adquisición de viviendas y locales mediante ventas a crédito, declara en su Art. 4 (31 L.P.R.A. sec. 1291b) que los apartamentos podrán transmitirse y gravarse[1] individualmente con independencia total del resto del inmueble; autoriza la transmisión o gravamen de un apartamento *en construcción* (Art. 6 Ley, 31 L.P.R.A. sec. 1291d) y aun el de uno "proyectado y no comenzado a fabricar" (Art. 5 Ley, 31 L.P.R.A. sec. 1291c).

---

[1] Art. 4—*Efecto de someterse al régimen de propiedad horizontal*

"Una vez se haya constituido el inmueble en régimen de propiedad horizontal, los apartamientos expresados en la sec. 1291a de este título podrán individualmente transmitirse y gravarse y ser objeto de dominio o posesión, y de toda clase de actos jurídicos intervivos o mortis causa, con independencia total del resto del inmueble de que formen parte, y los títulos correspondientes serán inscribibles en el Registro de la Propiedad de acuerdo con lo dispuesto en este Capítulo y en la Ley Hipotecaria." 31 L.P.R.A. sec. 1291b.

Art. 5—*Efecto de transmisión o gravamen y subrogación de derechos—Apartamiento proyectado y no comenzado*

"En los casos de transmisión o gravamen de un apartamento proyectado y no comenzado a fabricar, se entenderá adquirida por el nuevo propietario, o gravada la participación que corresponde al transmitente, o en su caso, al deudor, en los elementos comunes del inmueble en proyecto y el derecho que tenga a que se le construya el apartamento entendiéndose subrogado el adquirente en el lugar y grado de aquél, a todos los efectos legales." 31 L.P.R.A. sec. 1291c.

Art. 6—*Apartamiento en construcción*

"Si la transmisión o gravamen se refiriese al apartamento que ya hubiese comenzado a construirse, se entenderán adquiridas o gravadas las participaciones a que se contrae la sec. 1291c de este título, y de modo privativo lo que ya esté fabricado del apartamento en cuestión, entendiéndose también subrogado el adquirente en el lugar y grado del transmitente, a todos los efectos legales." 31 L.P.R.A. sec. 1291d.

■ El Art. 9 de la Ley de Propiedad Horizontal también provee con particularidad para la distribución de la responsabilidad hipotecaria según requisito de los Art. 174 y 170 de la Ley Hipotecaria (hoy Secs. 2570 y 2566 del Título 30 L.P.R.A.),(²) que hace extensiva, correlativamente, a créditos hipotecarios constituidos antes y después de organizarse el inmueble en régimen de ley, y a apartamentos meramente proyectados o en vías de construcción.

■ El Art. 170 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2566, ordena que cuando se hipotequen varias fincas a la vez por un solo crédito, se determinará la cantidad o parte del gravamen de que cada una deba responder. Y su concordante Art. 157.1 del Reglamento, 30 L.P.R.A. sec. 2003-157.1, prohíbe la inscripción de la hipoteca en tal circunstancia, si no se determina previamente la cantidad de que cada finca, porción o derecho deba responder.(³) Esta dispo-

---

(²) Art. 9—*Créditos hipotecarios constituidos antes y después de someterse al régimen; consentimiento de condueños*
"Los créditos hipotecarios constituidos antes de ser sometido el inmueble al régimen de propiedad horizontal, estarán sujetos a lo dispuesto en la sec. 219 del Título 30, pero el acreedor, al iniciarse el procedimiento para su cobro, deberá dirigir la acción, simultáneamente, por la totalidad de la suma garantizada contra todos los titulares de los apartamientos que estén gravados. Si se constituyeren dichos créditos después de organizarse el inmueble en régimen de propiedad horizontal, se hará la distribución de aquéllos, en la forma a que se refiere la sec. 215 del Título 30, entre los apartamientos gravados que estuvieren ya construidos; y si se tratare de apartamientos meramente proyectados o en vía de construcción, la distribución del crédito deberá hacerse entre las participaciones o derechos inscritos, a tenor de las secs. 1291c y 1291d de este título.
"La hipoteca de los elementos comunes de un inmueble constituido en régimen de propiedad horizontal sólo podrá verificarse mediante acuerdo unánime de todos los titulares." 31 L.P.R.A. sec. 1291g.

(³) Art. 157.1—*Hipoteca sobre varias fincas o porciones de las mismas; requisitos*
"No se inscribirá ninguna hipoteca sobre varias fincas, derechos reales o porciones ideales de unas y otros, afectos a una misma obligación, sin que por convenio entre las partes, o por mandato judicial, en su caso, se determine previamente la cantidad de que cada finca, porción o derecho deba responder. Los interesados podrán acordar la distribución en el mismo título inscribible o en otro documento público. La misma norma se aplicará a las inscripciones de censos o anticresis.
"Lo dispuesto anteriormente no será aplicable a las anotaciones preventivas." Ley Hipotecaria, pág. 249.

sición, que es parte del principio de especialidad del sistema registral articula el propósito de "que cada finca responda sólo de una cantidad determinada, . . . que la carga real no se ext[ienda] más que a la cifra que import[a] el préstamo, e imp[ide] las inmoderadas pretensiones de los acreedores que no contentos con garantías firmes, exigen otras innecesarias, perjudicando en gran manera el crédito territorial". Galindo, citado en *El Crédito y Ahorro Ponceño* v. *El Reg. de San Juan*, 30 D.P.R. 137, 138-139 (1922). ([4])

El hipotecante cumplió con la exigencia de Ley y el Reglamento al distribuir la carga hipotecaria entre apartamentos o locales existentes y el título constitutivo del crédito es inscribible por lo que no debe sufrir la imposición de un arancel como si fuera global e irrestricta la responsabilidad de cada apartamento por el importe total del gravamen. Tal aplicación del Arancel contraviene el espíritu de la Ley Hipotecaria y de la Ley de Propiedad Horizontal, aumenta el costo del crédito para el comprador de vivienda, infringe la política pública sobre hogares y disminuye el beneficio que para el deudor representa la distribución del gravamen.

---

El *convenio* entre partes para distribuir la responsabilidad no es requisito de ley en la etapa constitutiva del crédito del Art. 170 que nos ocupa. Lo es en el caso de *división* de la finca *previamente* hipotecada. Art. 174, Ley Hipotecaria. El Reglamento no puede exigir más que la Ley. *Rosario Mercado* v. *San Juan Racing Assn.*, 94 D.P.R. 634, 642 (1967). La aceptación de la garantía por el acreedor es evidencia de su conformidad con la distribución de responsabilidad hecha unilateralmente por el deudor en la escritura de constitución de hipoteca. *Cf. Fuster Fuster* v. *Registrador*, 88 D.P.R. 475, 479 (1963).

([4]) Morell, citado a la pág. 140 de esta decisión, coincide al expresar que si todas las fincas hipotecadas quedan sujetas a una carga real por el importe total de lo debido resulta que "el deudor ve frecuentemente minorado su crédito territorial mucho más de lo que en realidad han desmerecido su riqueza y la garantía que aún ofrecen los bienes inmuebles que posee, rebajadas las obligaciones y cargas a que se hallan afectos; resulta también que así vienen a ser protegidas indirectamente por la ley las inmoderadas exigencias de los prestamistas que no contentos con garantías firmes y de éxito seguro, multiplican sin utilidad suya, y con perjuicio del crédito territorial, las dificultades del préstamo sobre hipotecas".

 Distribuida la responsabilidad hipotecaria por el principal entre los seis locales comerciales, (5) considerando que la norma *Octava* del Arancel del Registro de la Propiedad, 30 L.P.R.A. sec. 1767b, ordena que las hipotecas pagarán derechos sólo por la cantidad principal garantizada; que a tenor del Arancel Número Dos éste se computa y devenga "respecto a *cada derecho en una finca*" (énfasis nuestro), *Correa Sánchez* v. *Registrador*, 113 D.P.R. 581 (1982); y que a pesar de que ninguno de los seis locales ha sido individualizado e inscrito como finca separada y autónoma, sí tiene cada uno de ellos la identidad propia que le hacía cosa y objeto de gravamen voluntario desde que era simple proyecto del que no se había levantado una varilla, Art. 5, Ley de Propiedad Horizontal, *supra*, debe reconocerse como el *principal*, base del cómputo de Arancel en *cada finca* el fraccionado o repartido, o sea aquella parte de la carga total asignada a cada local en la distribución. Así lo exige la correlatividad y la interacción armónica entre los preceptos de ley que gobiernan la escena registral: la Ley de la Propiedad Horizontal que insufla vida jurídica al apartamento en condominio aun antes de su existencia física; la Ley Hipotecaria que bajo el principio de especialidad compele a la distribución de la responsabilidad "cuando se hipotequen varias fincas a la vez por un solo crédito" disposición ésta a cuya observancia remite el Art. 9 citado, de la Ley de Propiedad Horizontal; y el Arancel del Registro. Tal es el ordenamiento previsto en el Art. 158 (12mo) (6) de la Ley

---

(5) Así:
Local A : $39,840
Local B : 59,360
Local C : 20,160
Local D : 13,600
Local E : 20,320
Local F : 6,720

(6) Art. 158—*Otros bienes y derechos hipotecables*
"Son también hipotecables:

Hipotecaria, 30 L.P.R.A. sec. 2554(12mo), al declarar hipotecables los apartamentos integrantes de un edificio constituido en propiedad horizontal o condominio, *sujetándose la hipoteca* a las disposiciones de la legislación vigente sobre propiedad horizontal. De este modo la propia Ley Hipotecaria concede primacía a la de Propiedad Horizontal respecto a la accesibilidad al Registro de hipotecas constituidas bajo dicho régimen especial. Dicho Art. 158(12mo) de la Ley Hipotecaria provee un criterio de distinción de *R. Mix Concrete* v. *R. de Arellano & Co.*, 110 D.P.R. 868 (1981) donde el gravamen no era la hipoteca voluntaria expresamente autorizada por la legislación que hemos acotado. Dicho Arancel Número Dos impuesto a cada derecho en una finca, 30 L.P.R.A. sec. 1767a, debe en el presente caso computarse sobre aquella parte del principal de $160,000 por la que responde cada local.

Con estos antecedentes y fundamentos, *se revocará la calificación y se ordenará la inscripción de la hipoteca.*

El Juez Asociado Señor Torres Rigual no intervino.

---

"12mo. Los apartamientos integrantes de un edificio declarado en propiedad horizontal o condominio, sujetándose la hipoteca constituida a las disposiciones de la legislación vigente sobre propiedad horizontal."