EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Diana Parras Silvestry<br><br>Peticionaria<br><br>v.<br><br>Hon. Registradora Carmen E. Ávila Vargas<br><br>Recurrida<br><br>———————————<br><br>Dinorah Parras Silvestry<br><br>Peticionaria<br><br>v.<br><br>Hon. Registradora Carmen E. Ávila Vargas<br><br>Recurrida | 2020 TSPR 05<br><br>203 DPR ____ |

Número del Caso:  RG-2018-0003
                 RG-2018-0004


Fecha: 16 de enero de 2020


Abogado de la parte peticionaria:

    Lcdo. Andrés L. Córdova


Registradora de la Propiedad:

    Lcda. Carmen E. Ávila Vargas


Materia:  Derecho Registral – Ley número 216-2010 mandató la inscripción automática de escrituras de individualización de apartamentos sujetos a un Régimen de Prioridad Horizontal.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Diana Parras Silvestry | | |
|---|---|---|
| Peticionaria | | |
| v. | RG-2018-0003 | |
| Hon. Registradora Carmen E. Ávila Vargas | RG-2018-0004 | |
| Recurrida | | |

Diana Parras Silvestry

    Peticionaria

       v.

Hon. Registradora Carmen E. Ávila Vargas

    Recurrida

_____

Dinorah Parras Silvestry

    Peticionaria

       v.

Hon. Registradora Carmen E. Ávila Vargas

    Recurrida

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 16 de enero de 2020.

Tenemos ante nuestra consideración dos escrituras y cada una pretende inscribir dos negocios jurídicos en el Registro de la Propiedad, a saber: la individualización y la donación de un apartamento. La Registradora notificó que faltaba un documento complementario necesario para inscribir las donaciones. Además, sostuvo que faltaba tracto sucesivo porque las individualizaciones no estaban inscritas. Por su parte, las peticionarias argumentaron que las escrituras quedaron inscritas de manera automática según la Ley para agilizar el Registro de la Propiedad, infra, y que la

Registradora ya no podía calificarlas. Como explicaremos, la posición de la Registradora es incorrecta.

I

El Condominio Querubín Parras se constituyó como propiedad horizontal en 1993. El 6 de julio de 2004, mediante dos escrituras públicas de "Donación", el Sr. Querubín Parras Aymat donó dos apartamentos del condominio, uno a la Sra. Diana Parras Silvestry y otro a la Sra. Dinorah Parras Silvestry. Las escrituras se presentaron para inscripción en el Registro de la Propiedad el 8 de julio de 2004.

El 16 de marzo de 2017, la Registradora de la Propiedad, Hon. Carmen E. Ávila Vargas, notificó una primera falta, señalando que los apartamentos descritos en las escrituras no constaban individualizados en el Registro de la Propiedad, por lo que faltaba tracto sucesivo para inscribir las donaciones. Al día siguiente, se suspendió esa falta cuando el notario que autorizó las escrituras, Lcdo. Andrés L. Córdova, señaló que en las escrituras se hizo constar la falta de individualización de los apartamentos y se solicitó que sean individualizados al momento de inscribir las escrituras de donación. Así, aunque las escrituras llevaban por título solo la palabra "Donación", en realidad tenían el doble propósito de individualizar los apartamentos y luego donarlos.

La segunda notificación de error, el 3 de agosto de 2018, es la que dio inicio a los recursos gubernativos ante nos. La Registradora notificó que faltaban los relevos de

donación del Departamento de Hacienda, falta que presuntamente impide la inscripción de una donación. Las señoras Parras Silvestry objetaron la notificación mediante un escrito de recalificación y argumentaron que la Registradora no tenía capacidad jurídica para recalificar los documentos que quedaron inscritos de manera automática según la Ley Núm. 216-2010, conocida como la Ley para agilizar el Registro de la Propiedad, 30 LPRA secs. 1821 et seq.

La Registradora denegó la solicitud de recalificación. Sostuvo que los documentos procuran la individualización de los apartamentos, por lo que están excluidos de la inscripción automática según la Ley Núm. 216-2010, supra. Al no haberse inscrito las individualizaciones, las donaciones no se podían inscribir por falta de tracto sucesivo. Expuso que, como el licenciado Córdova les dio el título de "Donación" a sus escrituras de individualización y donación, esto provocó que se identificaran incorrectamente como inscritas. Además, señaló que el Reglamento del Departamento de Justicia para la ejecución de la Ley Núm. 216-2010, Reglamento Núm. 7988 de 4 de febrero de 2011, dispone de un proceso para corregir las inscripciones erróneas de documentos excluidos que fueron identificados incorrectamente.

Inconformes, las señoras Parras Silvestry presentaron sus respectivos recursos gubernativos el 16 de octubre de 2018 y señalaron dos objeciones a la calificación de la

Registradora. Primero, alegaron que la Registradora erró al declarar que las escrituras en cuestión estaban excluidas de la Ley Núm. 216-2010, supra, a pesar de que no les aplica ninguna de las excepciones de la ley. Segundo, alegaron que el artículo del Reglamento Núm. 7988 que facultaba a la Registradora para corregir errores de inscripción, contravenía el mandato de inscripción automática de la ley.

La Registradora presentó sus respectivos alegatos el 5 de noviembre de 2018. Sostuvo que las escrituras de "Donación" fueron identificadas incorrectamente y se inscribieron por error. Asimismo, expuso que las donaciones no podían ser inscritas porque les faltaba un documento complementario necesario.

Ambos recursos gubernativos, así como los alegatos de la Registradora y los documentos anejos, son prácticamente idénticos; solo cambia la propiedad a la que hacen referencia. Por eso, procedemos a consolidarlos y resolverlos.

II

La Ley Núm. 216-2010, supra, se creó para atender de manera urgente un atraso de sobre 600,000 documentos pendientes de inscripción en el Registro de la Propiedad. Exposición de motivos, Ley Núm. 216-2010, supra. Dispuso que los documentos presentados en el Registro de la Propiedad al 30 de abril de 2010 quedaban inscritos de manera automática, excepto los:

a) Documentos que comprendan segregaciones de fincas.
b) Documentos que comprendan agrupaciones de fincas.
c) Documentos que comprendan agregaciones de fincas.
d) Documentos que comprendan expropiaciones.
e) Documentos que comprendan expedientes de dominio.
f) Documentos en los cuales se rectifica la cabida o se describe un remanente.
g) Documentos constitutivos de Régimen de Propiedad Horizontal.
h) Documentos posteriores que surjan de los negocios jurídicos mencionados en los incisos (a) al (g) de este Artículo, así como los documentos presentados con posterioridad a la vigencia de esta Ley.
i) Documentos notificados, caducados o en proceso de recalificación.

Art. 2, 30 LPRA sec. 1821.

En este caso, las escrituras llevaban como título "Donación", negocio que no está excluido de la aplicación de la inscripción automática. Por eso, el personal del Registro de la Propiedad las estampó con el sello de goma que expresa "INSCRITO bajo la Ley para Agilizar el Registro de la Propiedad de 2010". Sin embargo, durante el proceso de extensión de los asientos de aquellos documentos inscritos por la Ley Núm. 216-2010, supra, surgió que en las escrituras también se solicitaba la individualización de los apartamentos. Aunque la Ley Núm. 216-2010, supra, nada dice sobre la individualización, la Registradora entendió que la excepción a los "[d]ocumentos que comprendan segregaciones de fincas" aplica a los documentos en que se solicita la individualización de un apartamento en un condominio. Por ello, concluyó que las escrituras no habían quedado

inscritas según la Ley Núm. 216-2010, supra, y atendió el asunto como uno de documentos identificados erróneamente.

La Registradora no argumentó que individualización y segregación son sinónimos. Más bien, lo dio por sentado. Sin embargo, existen diferencias importantes entre individualizar y segregar que nos convencen de que, en este contexto, merecen un tratamiento jurídico distinto.

La segregación es un acto de dominio mediante el que el dueño de una finca decide separar parte de ella para formar una nueva. Colón Gutiérrez v. Registrador, 114 DPR 850, 855 (1983) (citas omitidas). Para inscribir una segregación, se requiere una resolución de autorización de la entidad gubernamental designada para ello; un plano de inscripción aprobado por la entidad gubernamental correspondiente, y una escritura pública en la que comparezcan todos los titulares y en la que se describa el remanente de la finca principal luego de las segregaciones, si alguno. Art. 148 de la Ley del Registro Inmobiliario del Estado Libre Asociado de Puerto Rico, Ley Núm. 210-2015, 30 LPRA sec. 6222. Entonces, mediante una operación registral, la finca original conserva su número registral, y la finca nueva y segregada adquiere un número nuevo. L. R. Rivera Rivera, Derecho Registral Inmobiliario Puertorriqueño, 3ra ed., San Juan, Jurídica Editores, 2012, pág. 372.

No obstante, en el contexto del Régimen de Propiedad Horizontal se emplea el término individualizar -y no segregar- para describir el proceso de convertir un

apartamento en una finca separada del resto del inmueble. Véanse Arts. 23, 24, 26 y 36A(c) de la Ley de Condominios, Ley Núm. 103-2003, 31 LPRA secs. 1292a, 1292b, 1292d y 1293-1(c). De hecho, la ley solo menciona la segregación para referirse a la separación de los elementos comunes (Art. 32, 31 LPRA sec. 1292j) y a la división material de un apartamento (Art. 32A, 31 LPRA sec. 1292j-1). Al respecto, recordemos que cuando un estatuto emplea lenguaje diferente en distintas partes con relación al mismo asunto, se presume que intentó un significado distinto. R. E. Bernier y J. A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Publicaciones JTS, 1987, pág. 335.

Es lógico el uso de dos términos distintos. El centro del Régimen de Propiedad Horizontal es el apartamento y su fin es viabilizar la propiedad individualizada. M. J. Godreau, El Condominio: El Régimen de Propiedad Horizontal en Puerto Rico, 2da ed., San Juan, Ediciones Situm, 2019, págs. 13 & 22. Un apartamento sujeto a la horizontalidad, distinto a una finca normal que está por segregarse, ya está descrito en la escritura de la finca matriz. Art. 22(b) y (e), 31 LPRA sec. 1292(b) y (e). Por eso, el profesor Luis Rafael Rivera Rivera declara que "no es correcto hablar de segregación cuando se individualiza un apartamento sujeto al régimen de propiedad horizontal. El apartamento aparece claramente identificado y delimitado desde que se constituye el régimen y sólo resta hacerlo constar como finca

independiente de la matriz". L. R. Rivera Rivera, op. cit., pág. 383.

En la práctica legal, sin embargo, es común que los notarios autoricen escrituras de "segregación y compraventa" o de "individualización y compraventa" de apartamentos en condominios, sin distinción entre ambas. Incluso en nuestra jurisprudencia se percibe cierta ambivalencia en el empleo de ambos términos. A modo de ejemplo, en R. Mix Concrete v. R. Arellano & Co., 110 DPR 869, 877 (1981) este Tribunal se refirió a la individualización como un acto previo de señalamiento con miras a segregar y enajenar posteriormente. Sin embargo, en otras partes de la Opinión, se utilizaron los términos de manera intercambiable.[1] En Serrano Muñoz v. Auxilio Mutuo, 171 DPR 717 (2007) y en Banco de Santander de P. R. v. Registrador, 115 DPR 44 (1984) este Tribunal usó el término de individualización para describir el acto de separar un apartamento del resto de la propiedad horizontal e inscribirlo como finca separada, pero en Díaz v. Con. Tit. Cond. El Monte N. Garden, 132 DPR 452, 466 n.9 (1993) se usó el término de segregación para describir ese mismo acto.

Es innegable que existe una confusión generalizada con relación a estos términos. Es norma de hermenéutica

---

[1] A la hora de esbozar la controversia en aquel caso, se dijo que correspondía determinar "¿en qué momento, desde el punto de vista jurídico, se **individualizan** como fincas los distintos apartamientos de un edificio sometido al régimen de propiedad horizontal?" R. Mix Concrete v. R. Arellano & Co., supra, pág. 874 (énfasis nuestro). Más adelante, en esa misma página, se dijo que la controversia era si "el mero hecho de la inscripción de la escritura matriz, []opera ex propio vigore como una **segregación** de los apartamientos constituida en régimen horizontal[]". Íd. (énfasis nuestro).

reconocida que cuando un lenguaje estatutario admite más de un significado, se puede acudir a las circunstancias existentes al momento de la aprobación de la ley, la ocasión en que fue aprobada o el mal que trata de evitar, el remedio que se intenta aplicar y las consecuencias de la interpretación propuesta. R. E. Bernier y J. A. Cuevas Segarra, op. cit., págs. 279-280. Por eso, conviene evaluar esas circunstancias para determinar si la excepción de "[d]ocumentos que comprendan segregaciones" en la Ley Núm. 216-2010, supra, se extiende también a las escrituras de individualización de apartamentos sujetos al Régimen de Propiedad Horizontal.

Toda acción legislativa persigue un propósito, ya sea corregir un mal, alterar una situación existente, fomentar algún bien, proteger un derecho, entre otros. Íd., págs. 245-246. Como mencionamos, la Ley Núm. 216-2010, supra, se presentó para atender el atraso en la inscripción de documentos, por entender que ello entorpecía el tráfico jurídico de bienes inmuebles y lesionaba derechos de ciudadanos que esperaban hasta quince años para que sus títulos quedaran inscritos. Según el entonces Secretario de Justicia, el atraso en el Registro de la Propiedad era tal que eliminarlo requeriría más de treinta años de contratación de Registradores adicionales por contrato y plantillas de empleados para trabajar fuera del horario regular del Registro. Ponencia del Secretario de Justicia, Guillermo A. Somoza Colombani, ante la Comisión de lo

Jurídico y de Ética de la Cámara de Representantes el 1 de junio de 2010, pág. 2. Además, destacó que la mayoría de las faltas que se notifican son fácilmente subsanables, debido a que el Notario, investido de la fe pública, es el primer calificador del documento que autoriza. Íd.

Por eso, la intención de la ley fue que la mayor cantidad de documentos quedasen inscritos. Solamente se excluyeron los documentos que históricamente han presentado mayor dificultad para lograr acceso al Registro de la Propiedad. Íd. El Proyecto de la Cámara 2683, que luego se convertiría en la Ley Núm. 216-2010, supra, exceptuaba incluso menos documentos. Se limitaba a:

> (a) Documentos que comprendan segregaciones de fincas.
> (b) Documentos en los cuales se rectifica la cabida o se describe un remanente.
> (c) Documentos constitutivos de Régimen de Propiedad Horizontal.
> (d) Documentos posteriores a los mencionados en los incisos (a) al (c) de este Artículo, así como los documentos presentados con posterioridad a la vigencia de esta ley.
> (e) Documentos notificados, caducados o en proceso de recalificación.

Sin embargo, el profesor Luis Rafael Rivera Rivera, compareció ante la Comisión de lo Jurídico y de Ética de la Cámara de Representantes y expuso que el esquema diseñado afectaría derechos esenciales constitucionales, en especial los de la Sección 9 del Artículo II de la Constitución de Puerto Rico, 1 LPRA ("no se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley"). En respuesta a este señalamiento, la Cámara de

Representantes excluyó de la inscripción automática también las expropiaciones forzosas, las agrupaciones y los expedientes de dominio. Informe Positivo del Proyecto de la Cámara 2683, Comisión de lo Jurídico y de Ética, Diario de Sesiones, 23 de junio de 2010, pág. 39.

Además de la preocupación presentada por el profesor Luis Rafael Rivera Rivera, la Comisión entendió que se justificaba exceptuar estos y otros documentos de la inscripción automática debido a su complejidad: "Esta Comisión en su cabal análisis entiende que se debe de incluir entre los documentos que no quedarán inscritos por virtud de esta ley, además de los ya estatuidos, los expedientes de dominio, las expropiaciones, agrupaciones y agregaciones de finca debido a la complejidad de estos títulos". Íd., pág. 44.

El Art. 2(g), de la Ley Núm. 216-2010, supra, exceptúa los "[d]ocumentos constitutivos de Régimen de Propiedad Horizontal". 30 LPRA sec. 1821(g). Sin embargo, las escrituras de individualización de apartamentos sujetos al Régimen de Propiedad Horizontal no son "[d]ocumentos constitutivos" del Régimen. Al momento de individualizar apartamentos, el Régimen ya está constituido.

Aparte de eso, la escritura de constitución de Régimen de Propiedad Horizontal es compleja y justifica el requerimiento de la rigurosa calificación del Registrador. No ocurre lo mismo con una escritura para individualizar apartamentos. La Ley Núm. 216-2010, supra, se funda, en

parte, en que los documentos presentados ya pasaron por una primera calificación, la del Notario. En el caso de escrituras de individualización de apartamentos en un Régimen de Propiedad Horizontal, su contenido se basa en una escritura que ya fue calificada e inscrita. El Notario que autoriza la escritura de individualización utiliza las descripciones y definiciones del apartamento contenidas en la escritura matriz y en los planos. Véanse Arts. 3, 22 y 24 de la Ley de Condominios, supra, 31 LPRA secs. 1291a, 1292 y 1292b. El profesor Michel J. Godreau comenta que la Ley de Condominios estableció un verdadero sistema catastral, en que las constancias del Registro de la Propiedad constituyen la fuente inexpugnable sobre la configuración física del apartamento. M. J. Godreau, op. cit., págs. 24-25. Por eso, no existen los riesgos que están presentes en la escritura de segregación de una finca normal, por ejemplo: discrepancia en las colindancias, posibilidad de que una finca quede enclavada o falta de algún permiso administrativo pertinente, entre otras.

Así, concluimos que la Ley Núm. 216-2010, supra, mandató la inscripción automática de escrituras de individualización de apartamentos sujetos a un Régimen de Propiedad Horizontal. Primero, porque no exceptúa este tipo de acto de dominio en su lista taxativa de excepciones. Segundo, porque exceptuar este tipo de acto sería contrario a los fines de la ley. Esto lo podemos apreciar al evaluar la intención de exceptuar los documentos más complejos, o

que podían poner ciertos derechos esenciales en peligro, y la intención de que la mayor cantidad de documentos quedasen inscritos para poner el Registro de la Propiedad al día.[2]

III

Ahora bien, la Registradora notificó un defecto que presuntamente impedía la inscripción de las escrituras, a saber: la falta del relevo de Hacienda sobre donación. Las señoras Parras Silvestry objetaron la notificación. Plantearon que las escrituras quedaron automáticamente inscritas por la Ley Núm. 216-2010, supra, y que la Registradora no podía calificarlas. Tienen razón.

Para calificar estas escrituras, la Registradora se basó en la alegada falta de tracto sucesivo. Es decir, sostuvo que la individualización es uno de los documentos excluidos de inscripción automática y que, por ello, las referidas escrituras de donación nunca quedaron inscritas. Entonces, corrigió la nota de "INSCRITO bajo la Ley para agilizar el Registro de la Propiedad de 2010" y siguió el proceso dispuesto para las inscripciones erróneas de documentos excluidos que fueron identificados incorrectamente.

Sin embargo, como explicamos, las individualizaciones no quedaron excluidas de la inscripción automática. Por eso, distinto a como lo entendió la Registradora, no son de

---

[2] Enfatizamos que la distinción que hacemos entre individualización y segregación la hacemos para efectos de interpretar el alcance de la Ley Núm. 216-2010, supra. En el contexto de otras leyes, ambos actos pudieran perfectamente ser tratados de manera similar, pues el fin de ambos es esencialmente el mismo.

aplicación los artículos 14.2 y 14.2.1 del Reglamento Núm.

7988, supra, que disponen:

> **14.2 Errores en la identificación de documentos:** Esta disposición aplica exclusivamente a aquellos documentos que por inadvertencia fueron sellados como inscritos cuando debieron estar excluidos. Errores de otra naturaleza se corregirán conforme a lo dispuesto en el Artículo 7 de la Ley, es decir, el Capítulo 9 de la Ley Hipotecaria, según aplique.
>
> **14.2.1** En caso de documentos identificados incorrectamente, que nunca han quedado inscritos porque estaban excluidos, el error será corregido poniendo entre paréntesis la frase equivocada que corresponde al sello colocado incorrectamente, seguida de la palabra "digo" y la frase "excluido de la Ley para Agilizar el Registro" al lado del sello que se plasmó equivocadamente en el documento y en el diario. Esta nota será firmada por el Registrador.

Estos artículos aplican exclusivamente a documentos que por error fueron sellados como inscritos cuando debieron estar excluidos. El caso ante nos es distinto. Las individualizaciones no quedaron excluidas de la Ley Núm. 216-2010, supra, por lo que no hubo error alguno al ponérseles la nota de "INSCRITO bajo la Ley para agilizar el Registro de la Propiedad de 2010". Por lo tanto, la Registradora no debió corregir esa nota.

Estamos ante unas escrituras que quedaron inscritas por el mandato de la Ley Núm. 216-2010, supra. Esas inscripciones se presumen válidas, y cualquier corrección de error tiene que hacerse conforme con la Ley Núm. 198 de 8 de agosto de 1979, conocida como la Ley Hipotecaria y del Registro de la Propiedad, y su reglamento, o cualquier reglamento

posterior. Art. 7, Ley Núm. 216-2010, supra.[3] Es importante destacar que los Registradores no están facultados para apreciar la legalidad de los asientos extendidos y que los actos inscritos se presumen válidos hasta tanto un tribunal declare su nulidad. Véanse Art. 64 de la Ley Núm. 198 de 8 de agosto de 1979 (derogada) y Art. 229 de la Ley Núm. 210-2015, 30 LPRA sec. 6383.

El mecanismo para que un Registrador corrija una inscripción válida hecha según la Ley Núm. 216-2010, supra, está dispuesto en el Art. 11 del Reglamento Núm. 7988, supra:

> Artículo 11. Presunción de corrección. Procedimiento para corregir cualquier error provocado por la inscripción de documentos incluidos en la Ley.
> Las inscripciones practicadas en virtud de la Ley, se presumen correctas.
> 11.1 Cualquier parte afectada por un error en la inscripción de documentos presentados en el Registro antes del 30 de abril de 2010 y no excluidos de la aplicación de la Ley, podrá solicitar la corrección de ésta ante el Registrador de la sección pertinente.
> 11.2 Al corregir errores, el Registrador procederá conforme a los artículos 150 a 154 de la Ley 198, supra, conocida como la Ley Hipotecaria y los Artículos 141.3, 141.4, 141.5, 141.6, 141.7, 142.1, 143.1, 143.2 y 144.1 del Reglamento Hipotecario.

Como expresamente dispone la regla, cualquier error en una inscripción válida solo puede corregirse por solicitud de una parte que se vea afectada por ese error. Ese no es el caso aquí.

---

[3] La Ley Núm. 198 de 8 de agosto de 1979 fue derogada en 2015 y sustituida por la Ley Núm. 210-2015, conocida como la Ley del Registro Inmobiliario del Estado Libre Asociado de Puerto Rico. Sin embargo, la ley nueva no aplica a los hechos ante nuestra consideración, pues las escrituras fueron presentadas en 2004.

IV

Por lo expuesto en esta Opinión, revocamos la calificación de la Registradora. Las escrituras presentadas por las señoras Parras Silvestry quedaron válidamente inscritas según la Ley Núm. 216-2010, supra. Se ordena que así se haga constar en el Registro de la Propiedad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Diana Parras Silvestry<br><br>        Peticionaria<br><br>             v.<br><br>Hon. Registradora Carmen E. Ávila Vargas<br><br>        Recurrida<br>_____<br><br>Dinorah Parras Silvestry<br><br>        Peticionaria<br><br>             v.<br><br>Hon. Registradora Carmen E. Ávila Vargas<br><br>        Recurrida | RG-2018-0003<br>RG-2018-0004 |

SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2020.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, revocamos la calificación de la Registradora. Las escrituras presentadas por las señoras Parras Silvestry quedaron válidamente inscritas según la Ley Núm. 216-2010, supra. Se ordena que así se haga constar en el Registro de la Propiedad.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez concurre con el resultado sin opinión escrita. La Juez Asociada señora Rodríguez Rodríguez y el Juez Asociado señor Rivera García no intervinieron.


                        José Ignacio Campos Pérez
                        Secretario del Tribunal Supremo